**CLOSED
CIVIL
CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 10-14103-CIV-GRAHAM/LYNCH

MIRANDA CONSTRUCTION
DEVELOPMENT, INC., a Florida
corporation,

     Plaintiff/counter defendant,

vs.

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

     Defendant/ counter-plaintiff.

_____/

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation

     Third-party plaintiff,

vs.

JOHN BARRON and DEBORA BARRON,

     Third-party defendants.

_____/

<u>ORDER</u>

    **THIS CAUSE** comes before the Court on Defendant/Counter-
Plaintiff/Third-Party Plaintiff Mid-Continent Casualty Company's
Motion for Summary Judgment [D.E. 28], and Miranda Construction
Development, Inc.'s Cross-Motion for Summary Judgment on Mid-
Continent's Duty to Defend [D.E 30].

    **THE COURT** has considered the motions, the relevant portions
of the record, and is otherwise fully advised in the premises.

I.    BACKGROUND

Plaintiff, Miranda Construction Development, Inc. ("Miranda"), filed this declaratory judgment action in the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County, Florida, against Defendant, Mid-Continent Casualty Company ("Mid-Continent"). Miranda seeks judicial declaration that it is entitled to a defense and indemnity from its insurer, Mid-Continent, for a lawsuit filed against Miranda by John and Debora Barron (the "Barrons"). The Barrons filed suit against Miranda in St. Lucie County, seeking damages based on the alleged defective construction of their home by Miranda. Mid-Continent issued a commercial general liability policy to Miranda. Mid-Continent subsequently denied coverage for the Barron's lawsuit. Although the exact amount of damages claimed by the Barrons is unknown, the Barrons are claiming a total loss of their home due to the alleged construction defects. On April 9, 2010, Mid-Continent Removed this action to this Court and filed a counterclaim for declaratory judgment, seeking declaration that it does not owe any duty to defend or indemnify Miranda. Mid-Continent also filed a third-party action against the Barrons because as the underlying claimants, they have an interest in the declaratory judgment action. Before the Court are the parties' cross motions for summary judgment.

## II.  LAW & DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed R.Civ.P. 56 (c).  The moving party has the burden of production.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  When the moving party has met this burden by offering sufficient evidence to support the motion, the party opposing must then respond by attempting to establish the existence of a genuine issue of material fact. Adickes, 398 U.S. at 160.  "[T]he nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Ray v. Equifax Info. Servs., L.L.C., 327 F.App'x 819, 825 (11th Cir. 2009)(quoting Matsushita Elec. Indus. Co.,Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).  Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof." Id.

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986). In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id.

The Court must also determine whether the dispute about a material fact is indeed genuine. In other words, is the "evidence ... such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. See also Marine Coatings of Alabama, Inc. v. United States, 932 F.2d 1370, 1375 (11th Cir. 1991) (dispute of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party). Finally, a party cannot defeat a motion for summary judgment by resting on the conclusory allegations in the pleadings. See Fed. R. Civ. P. 56(e); Anderson, 47 U.S. at 248.

As the duty of an insurer rests upon the legal effect of the provisions of an insurance policy, the interpretation of the policy is a matter of law for the Court to determine, and is therefore amenable to summary judgment. Nat'l Union Fire Ins. Co. of Pittsburgh v. Brown, 787 F.Supp. 1421, 1427 (S.D. Fla. 1991) (citations omitted). "Summary judgment is appropriate in declaratory judgment actions seeking a declaration of coverage when

4

the insurer's duty, if any, rests solely on the applicability of the insurance policy, the construction and effect of which is a matter of law." Northland Cas. Co. v. HBE Corp., 160 F.Supp.2d 1348, 1358 (M.D. Fla. 2001)(citations omitted).

## A. Florida Insurance Law

Federal courts under diversity jurisdiction must apply the choice of law rules of the forum state. Adolfo House Distributing Corp. v. Travelers Property and Casualty Ins. Co., 165 F.Supp.2d 1332, 1335 (S.D. Fla. 2001). In this case, the parties agree that Florida law governs this dispute.

In Florida, an insurer's duty to defend is broader than the duty to indemnify. Lime Tree Vill. Cmty. Club Ass'n v. State Farm General Ins. Co., 982 F.2d 1402, 1405 (11th Cir. 1993)(citations omitted). The duty to defend is determined by examining the allegations in the underlying complaint against the insured. Id. An insurer has a duty to defend the insured when the alleged facts of the complaint fairly and potentially bring the suit within coverage. WPC Industrial Contractors, Ltd. v. Amerisure Mutual Insurance Co., 720 F. Supp.2d 1377, 1381 (S.D. Fla. 2009). "The duty to defend must be determined by allegations in the complaint." Id. "Any doubt regarding the duty to defend must be resolved in favor of the insured." Id. However, when some allegations in the complaint arguably fall within coverage of the policy, there is no duty to defend where the complaint shows either that there is no

coverage or that a policy exclusion applies. Id. While coverage provisions are "construed in the broadest possible manner to effect the greatest extent of coverage," where a policy clearly delineates what is excluded, courts must enforce such exclusions. Id. Moreover, while "policy provisions which tend to limit liability must be construed liberally in favor of the insured against the insurer...where the language of a policy is clear and unambiguous on its face, the policy must be given full effect." Id. (citations omitted). Further, "[i]n the absence of ambiguity...it is the function of the court to give full effect to the insurance contract as written." Id.

C.   Discussion

Here, Mid-Continent asserts that the underlying complaint only alleges damages to the home as a result of Miranda's defective construction of the foundation and that none of the alleged damages are covered under the policy. In the underlying action the Barrons allege that Miranda was negligent in the construction of the their home and that the foundation of the home constructed by Miranda is collapsing resulting in damage to other parts of the home, including but not limited, to the flooring, trusses, roof and walls. [See D.E. 1-3, p.55]. Mid-Continent asserts that it denied coverage for the Barrons' lawsuit, in part, because the Barrons only allege damage to Miranda's own work, which Mid-Continent asserts is expressly excluded from coverage. Mid-Continent contends

that based on the four corners of the underlying third amended complaint, Mid-Continent was not obligated to defend Miranda for the Barron lawsuit.

Miranda responds that paragraph 3 of the Barron's third amended complaint, which contains a claim for damages "including but not limited to," is broad enough to implicate potential coverage which should be sufficient enough to invoke Mid-Continent's duty to defend. Additionally, Miranda asserts that the "your work" exclusion is inapplicable based on an exception to the exclusion. Finally, Miranda asserts that the correct policy at issue in this case is not the 2006-2007 policy referenced in the pleadings but rather a 2004-05 policy that does not contain the subcontractor endorsement as a basis for Mid-Continent's refusal to defend. Thus, Miranda argues Mid-continent's reliance upon the "your work" exclusion is misplaced [D.E. 35].

Mid-Continent's 2006-07 policy contains the following exclusion:

> Exclusion 1. Of Section I Coverage A- Bodily Injury and Property Damage Liability is replaced by the following:
> 2.    Exclusions
>
> This insurance does not apply to:
> 1.    Damage to your work
> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

In examining the underlying complaint against the insured, the Court finds that the allegations contained therein clearly allege

that Miranda constructed the home [D.E. 1-3, ¶2] and that the foundation of the home constructed by Miranda is collapsing [D.E. 1-3, ¶3] thereby causing damage to other parts of the home. While the allegations in paragraph 3 of the underlying complaint include the language "including but limited to the flooring, trusses, roof, and walls," it is clear that the claim for damages are related solely to the home itself and Miranda's alleged defective construction of the same. There are no allegations of damage to personal property or to property other than the home itself. In fact, all damages alleged in the underlying complaint are directly tied to the home and the alleged defective construction of the same by Miranda.

As the underlying complaint clearly alleges only damage to the Barron's home by Miranda,  such damages are not covered under the policy's "your work" exclusion. Moreover, the exception cited by Miranda contained in Section 1, Coverages 2(m) of Mid-Content's policy which provides: "This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use." is inapplicable to the allegations contained in the underlying complaint. Specifically, the underlying complaint contains no allegations of sudden or accidental injury to "your work."

8

Although Miranda asserts that the 2004-05 policy and the subcontractor exception is applicable in this case, that argument is of no consequence and would not change the outcome as the Court notes that there are no allegations in the underlying complaint that any of the work was performed by subcontractors. Moreover, Miranda has provided no extrinsic evidence, thereby creating a genuine issue of fact, to support its argument that subcontractors caused the alleged damage in the underlying complaint or that the subcontractor exception would apply.

Accordingly, Mid-Continent owes no duty to defend Miranda. Additionally, having found that there is no duty to defend, there is no obligation for Mid-Continent to indemnify Miranda for any settlement or judgment that may be entered in the Barron lawsuit.

## III. CONCLUSION

Accordingly, the Court grants summary judgment against Plaintiff and in favor of Defendant as to all of Plaintiff's claims. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant/Counter-Plaintiff/Third-Party Plaintiff Mid-Continent Casualty Company's Motion for Summary Judgment [D.E. 28] is **GRANTED**, and Plaintiff, Miranda Construction Development, Inc.'s Cross-Motion for Summary Judgment on Mid-Continent's Duty to Defend [D.E 30] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED as moot.**

9

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of December, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record